UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    *Plaintiff,*

CASE NO.  16-30341

*v.*

STARLIT ZHAO          MAG. JUDGE ANTHONY P. PATTI

    *Defendant.*

_____/

## ORDER OF DETENTION PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I – Findings of Fact**

**A.**    **Eligibility. This case is eligible for a Detention Hearing (18 U.S.C. § 3142(f)), for the reasons checked below in this Part I A:**

☒(1)  Under 18 U.S.C. § 3142(f)(1), upon the government's motion in a case that involves

    ☒(a)  a crime of violence, a violation of section 1591, or an offense listed in 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐(b)  an offense for which the maximum sentence is life imprisonment or death;

    **or**

    ☐(c)  an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-

904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐(d)  any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐(e)  any felony that is not otherwise a crime of violence but involves:

  ☐(i)   a minor victim, **or**

  ☐(ii)  the possession or use of a firearm or destructive device (as defined in section 921), **or**

  ☐(iii) any other dangerous weapon, **or**

  ☐(iv) involves a failure to register under 18 U.S.C. § 2250.

☐(2)  Under 18 U.S.C. 3142(f)(2), upon the government's motion or the court's own motion in a case that involves

  ☐(a)  a serious risk that such person will flee; **or**

  ☐(b)  a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

B.  **Rebuttable Presumption. A rebuttable presumption for detention exists in this case if reasons are checked below in this Part I B.**

**(1)  Defendant on Release Pending Trial (18 U.S.C. § 3142 (e)(2)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community arises when

  ☐(a)  Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense; **and**

☐ (b)  The offense was committed while Defendant was on release pending trial for a federal, state, or local offense; **and**

☐ (c)  A period of less than five years has elapsed since

☐ (i)  the date of conviction, **or**

☐ (ii)  Defendant's release from prison.

**(2) Probable Cause Findings (18 U.S.C. § 3142(e)(3)):** A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community arises when there is probable cause to believe that Defendant has committed an offense

☐ (a)  for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46; **or**

☐ (b)  under 18 U.S.C. § 924(c) (use of a deadly or dangerous weapon or device in relation to a crime of violence or drug trafficking crime), 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), or 18 U.S.C. § 2332b (acts of terrorism transcending national boundaries); **or**

☐ (c)  listed in 18 U.S.C. § 2332b(g)(5)(B) (federal crimes of terrorism) for which the prison term is 10 or more years; **or**

☐ (d)  under Chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed (i.e., 18 U.S.C. §§ 1581, 1583, 1584, 1589, and 1594)(slavery); **or**

☒ (e)  involving a minor victim as listed in 18 U.S.C. § 3142(e)(3)(E).

## Part II – Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes

☐    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

☐    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

☒    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

The Court's findings and reasons for ordering detention, pursuant to 42 U.S.C. § 3142(g), were stated on the record at the August 8, 2016 hearing and are fully incorporated by this reference. The Court found probable cause to believe that the defendant committed the crimes of receipt of child pornography, production of child pornography, online enticement of a minor, and travel with intent to engage in illicit sexual activity in violation of, respectively, 18 U.S.C. §§ 2251(a), 2252A(a)(2), 2422(b) and 2423(b)(e), and that there is, accordingly, a presumption in favor of detention in this case. Defendant, through counsel, concedes that this presumption case. Defendant has not overcome that presumption. Even if the defendant had overcome the presumption in favor of detention, the Court alternatively finds: (a) by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance; and (b) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the

community. This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) the defendant has no ties to this district; (2) the defendant has strong ties to another state and to a foreign country, including grandparents in China, and has considerable foreign travel experience; (3) the defendant acted in a deliberate, sexually predatory manner toward a victim he knew to be a minor (14 to 15 years old at all times relevant hereto) over many months in a manner designed to "groom" her to participate in the production of child pornography and further to participate in direct sexual activity with the defendant; (4) the defendant encouraged the minor, who resides in this district, to arrange for meetings with him in the States of Washington and Florida, and when he was unsuccessful in accomplishing this, purchased an airline ticket to come to meet her in the Detroit Metropolitan Area, that he told her that he did not love her (as an indication that the intent of the encounter was purely sexual), that he expressed his intent to engage in sex with her and gave her instruction in that regard, and that he in fact flew out to Detroit with the sole intention of meeting her, likely in a hotel room that he had also booked; (5) the nature of the defendant's work involves creating content for You Tube with 10 to 14-year-old children as the intended audience and with this serving as a possible entrée into communication with minors; (6) that the defendant admits to on-line contact with two other minors, one of whom is a friend of the minor in this

case; (7) that just before coming to Detroit, he asked to borrow his parents' video camera; (8) that the minor in question does appear to have some level of obsession with the defendant, including wearing his photo in a locket around her neck and trying to look like him; (9) that the defendant blames the minor for the relationship and communications, rather than recognizing their inappropriateness; (10) that the defendant's proposed place of residency, which is outside of this district, is less than a mile away from an elementary school and that the defendant's two-year-old niece visits this location on a weekly basis; (11) that the defendant deceived his parents, who are his proposed third-party custodians, as to his purpose for coming to Detroit; (12) that the defendant has expressed suicidal ideation to a counselor while in federal custody, initially appeared disoriented to the United States Marshal Service, and had previously expressed suicidal ideation within the last nine months and imposes a potential danger to himself; (13) that audio and video recordings indicate that the defendant asked the minor to strip her clothes off, gave her advice on grooming her genital area, asked if he could kiss her on her genitals, successfully encouraged her to expose her vagina on video, told her that he would treat her "like my lover" (but not as his girlfriend) while he is in Detroit, hinted that "good sex" might get him to love her, indicated that she would be performing oral sex for the first time during the period that he was to be in Detroit, and asked her if he would be her first sexual partner.

**Part III – Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.


Date: August 8, 2016                    S/ANTHONY P. PATTI
                                        Anthony P. Patti
                                        United States Magistrate Judge